**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Petroff and Marie Petroff, as husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Ed Schafer, in his capacity as Secretary of the United States Department of Agriculture; the Department of Agriculture of the United States; the United States Forest Service, an agency of the Department of Agriculture of the United States; Abigail R. Kimbell, in her capacity as Chief of the United States Forest Service; Corbin Newman Jr., in his capacity as Regional Forester, Southwest Region, United States Forest Service; Gene Blankenbaker, in his capacity as Forest Supervisor, Tonto National Forest, United States Forest Service; Jerome A. Mastel, in his capacity as District Ranger, Pleasant Valley Ranger District, Tonto National Forest, United States Forest Service,<br><br>　　　　　Defendants. | No. CV08-1971-PHX-NVW<br><br>**ORDER** |

　　　　Plaintiffs Jim and Marie Petroff (collectively, "the Petroffs") filed this action under the Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Act, 28 U.S.C. § 1361, seeking to establish their right to

use an easement across National Forest lands. (Doc. # 1.) Defendant employees and agencies of the United States (collectively, "the Forest Service Defendants") moved to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), failure to state a claim under Rule 12(b)(6), and failure to join required parties under Rules 12(b)(7) and 19. The United States will be substituted as sole Defendant, and the pleadings otherwise suffice to vest the Court with jurisdiction. Because the Government's reservation of fee title to a road strip does not create an express easement, the case will be dismissed for failure to state a claim for relief under the Quiet Title Act.

## FACTUAL BACKGROUND

In considering a motion to dismiss for lack of subject matter jurisdiction, the court "is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

For purposes of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court accepts as true the allegations in the complaint. *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003). Though in general a district court may not look beyond the four corners of the complaint for this purpose, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Rule 12(b)(6) inquiry therefore includes the contents of the alleged "originating documentation for Homestead Entry Survey No. 143," including the special instructions, field notes, plat map, logs, and Register Letter mentioned in the complaint and submitted by the Defendants without objection. "Reports and records of administrative bodies" such as correspondence from the U.S. Forest Service ("the Forest Service") and the same agency's archaeological survey the may also be judicially noticed and considered at this

1  stage. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Other maps included with
2  the pleadings are not part of the record to be considered under Rule 12(b)(6). A summary
3  of the allegations follows.

4  On February 13, 1912, Benjamin Peveler submitted Homestead Entry No. 016540
5  to the Phoenix Land Office of the United States Department of the Interior. A survey
6  known as Homestead Entry Survey 143 ("HES 143") was conducted on the property, and
7  President Woodrow Wilson granted Patent No. 697395 to Mr. Peveler on July 10, 1919.
8  HES 143 refers to a parcel of land in the Tonto National Forest encompassing four tracts,
9  Tracts A-D. Tract A is further subdivided into three parcels, Parcels R1-R3. The Petroffs
10 purchased parcel R3 on June 19, 2000, encompassing 6.98 acres of HES 143. This parcel
11 is southerly adjacent to parcel R2, which lies southerly adjacent to parcel R1.

12 According to the surveys, a thirty-foot strip of land ("the Road Strip") was
13 reserved to the United States for a road, situated so as to provide access through the
14 Homestead to other National Forest lands beyond the Homestead. The Road Strip passes
15 in an east-west direction, bisecting HES 143 and extending to its east and west
16 boundaries. The Road Strip lies to the north of Parcel R1, not touching the Petroffs'
17 Parcel, but the Petroffs can access it through a series of private easements running north-
18 south across Tract A.

19 The Road Strip does not avail the Petroffs, however, because it has remained
20 largely undeveloped. Instead, Forest Development Roads 129 and 134 lie mostly on
21 private property to the north and west of Parcel R3. The roads give no direct access to
22 Parcel R3. For this reason, the Petroffs' predecessor in interest Zane Mead obtained
23 permission to build a temporary access road across National Forest lands. This road ("the
24 South Cody Road") was constructed in May 1998 and runs between parcel R3 and Forest
25 Development Road 134.

26 In the meantime, the Forest Service was considering what to do with the Road
27 Strip. On May 8, 2001, a district ranger issued a decision memorandum indicating that
28 Forest Development Road 129 would be relocated from its present location to the Road

- 3 -

1 Strip. A year and a half later, on November 4, 2002, a forest supervisor informed some
2 property owners within HES 143 (but not the Petroffs) that the Forest Service would not
3 pursue that relocation plan. The Forest Service is in the process of interchanging title to
4 the lands underlying the Road Strip with private property owners underlying Forest
5 Development Road 129.

6 On June 16, 2004, a district ranger ordered the Petroffs to cease and desist
7 maintenance of the South Cody Road. He accused the Petroffs of illegal occupancy
8 trespass of National Forest Lands. The Forest Service has not yet adjudicated all the
9 Petroffs' requests for administrative action establishing access to their parcel. The
10 Petroffs contend that without their alleged express easement in the Road Strip, they lack
11 legal access to their property rendering it, among other things, unmarketable. Plaintiffs
12 brought this action for a declaration of title to their alleged easement. They also seek a
13 writ of mandamus "compelling the authorized officer of the [Forest Service] to provide
14 the Plaintiffs a permanent right-of-way or easement over the federal public lands at issue
15 herein," as well as preliminary injunctive relief and attorney fees.

16 Contrary to the Government's suggestion, the Complaint does not seek damages.

## ANALYSIS

### I. Proper Parties

19 The Forest Service Defendants contend that the Petroffs have failed to name the
20 proper parties. They are correct. The proper Defendant in this case is the United States
21 rather than the Forest Service Defendants. The Quiet Title Act, which waives sovereign
22 immunity as to only the United States, is the "exclusive means by which adverse
23 claimants [can] challenge the United States' title to real property." *Block v. North Dakota*
24 *ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). The Act provides for relief
25 against the United States. *See* 28 U.S.C. § 2409a(a); *Block*, 461 U.S. at 280, 284.
26 Whether or not the Defendant agencies are suable entities, *see Blackmar v. Guerre*, 342
27 U.S. 512, 514 (1952), they are not proper parties to a Quiet Title Action, and for the same
28 reason mandamus relief will not lie against the officers. *Id.* at 284-86. The original

- 4 -

1 complaint named federal agencies and was served on the U.S. Attorney General and the
2 U.S. Attorney for the District of Arizona.  The U.S. Attorney appeared for the Forest
3 Service Defendants and both parties are amenable to substitution.  Therefore, the motion
4 will be treated as an unopposed motion to substitute the United States as the sole
5 Defendant, and it will be granted to that extent.

6 There is no failure to join other landowners under Rule 19.  If the Petroffs prevail,
7 any need to pursue an additional easement across private land to reach Forest
8 Development Road 134 arises entirely subsequent and collateral to the existence of their
9 express easement on the Road Strip.  The suit does not purport to alter the scope of the
10 Petroffs' existing easements across their neighbors' land.  The Government identifies no
11 other landowner as holding a protected interest in the Road Strip that is dependent upon
12 or hostile to the existence of the Petroffs' alleged easement.  This case does not present
13 any dispute regarding other potential easements on the Road Strip, and so it does not
14 implicate the use or sale rights of any other potential easement holders.  The Court can
15 accord complete relief in the absence of third parties without impairing their interests or
16 exposing the Government to inconsistent obligations within the meaning of Rule 19.

**II.     The Quiet Title Act**

18 To state a claim under the Quiet Title Act, a plaintiff must allege two conditions:
19 (1) that the United States claims an interest in the real property at issue, and (2) that there
20 is a disputed title to the property.  28 U.S.C. § 2409a(a), (d).  To establish such a dispute,
21 the complaint must "set forth with particularity the nature of the right, title, or interest
22 which the plaintiff claims in the real property, the circumstances under which it was
23 acquired, and the right, title, or interest claimed by the United States."  *Id*. § 2409a(d). In
24 addition, a twelve year statute of limitations limits the power of any court to adjudicate
25 such disputes.  In the particular context of this statute, a "failure to file a quiet title suit
26 within the applicable limitations period is jurisdictional."  *State of Nev. v. U.S.*, 731 F.2d
27 633, 636 (9th Cir. 1984).  All of the jurisdictional requirements are met in this case.

### A.     Non-Frivolous Claim

The Government argues that subject matter jurisdiction is wanting because there is no sufficiently pled claim under the Quiet Title Act. The Quiet Title Act is the only possible basis for federal question jurisdiction in this case. The Declaratory Judgment Act does not provide freestanding jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 16 (1983). The Mandamus Act does not provide relief against the lone party in this case, the United States. *See* 28 U.S.C. § 1361. However, the Court will not abdicate its responsibility to decide a non-frivolous federal question on the merits. "[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979); *see also Poore v. Simpson Paper Co.*, 544 F.3d 1062, 1068 (9th Cir. 2008) (Graber, J., dissenting). The Petroffs' allegations are non-frivolous. They raise a legitimate question respecting the interpretation of the original land patent and rights granted thereon by the Quiet Title Act. The case will therefore be decided on the merits under Rule 12(b)(6).

It is undisputed that the United States claims an interest in the property; it is the United States' claim that the Petroffs dispute. It is also apparent, contrary to the vehement arguments of the United States, that the Petroffs themselves claim an interest that will sustain Quiet Title Act jurisdiction. An easement is an "interest" in land for purposes of the Act. *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999). In their First Cause of Action, the Petroffs seek to "Quiet Title in a Permanent Right-of-Way or Easement Across National Forest Lands." They refer repeatedly to the "easement" at issue, claiming that it was reserved to them in the original land grant, and that they are entitled to enjoy its "unfettered use."

The easement that the Petroffs claim is readily distinguishable from other right-of-way claims that will not support jurisdiction. For instance, the existence of a public road

1  does not entitle every member of the public to assert Quiet Title Act jurisdiction.
2  *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978).  Similarly, ownership of
3  land abutting a public road does not create an interest in the road under the Act. *Hazel*
4  *Green Ranch, LLC v. U.S. Dept. of Interior*, No. 07-CV-414, 2008 WL 4755325, at *7
5  (E.D. Cal. 2008)*; Hazel Green Ranch, LLC v. U.S. Dept. of Interior*, No. 07-CV-414,
6  2008 WL 2876194, at *13-15 (E.D. Cal. 2008).  Contrary to the contentions of the
7  Government, these cases do not apply where, as here, the plaintiff claims the creation of
8  an express private appurtenant easement on the land at issue.  *See Kinscherff*, 586 F.2d at
9  161.

### B. Statute of Limitations

11  The Government also contends that the statute of limitations precludes jurisdiction;
12  28 U.S.C. § 2409a(g) imposes a 12-year limitations period on Quiet Title Actions.  The
13  period begins to run when "the plaintiff or his predecessor in interest knew or should have
14  known of the claim of the United States."  Non-possessory interests such as easements are
15  consistent with the United States' claim of ownership, and therefore the limitations period
16  only begins to run when plaintiffs receive notice that the government, acting "adversely to
17  the interests of plaintiffs," has denied or limited their use of the easement.  *Michel v.*
18  *United States*, 65 F.3d 130, 132 (9th Cir. 1995); *see also McFarland v. Norton*, 425 F.3d
19  724, 727 (9th Cir. 2005) (reasonable regulations restricting use of easement do not trigger
20  limitations period); *Park County, Mont. v. United States*, 626 F.2d 718, 720-21 (9th Cir.
21  1980) (forest service sign prohibiting traffic on disputed right of way triggers limitations
22  period); *State of N.D. ex rel. Bd. of Univ. & Sch. Lands v. Block*, 789 F.2d 1308, 1312-13
23  (8th Cir. 1986) (administrative conduct inconsistent with plaintiff's asserted interest
24  triggers limitations period).

25  The United States identifies no such denial other than the "patent and related
26  documents," but these documents have no such effect.   This is not a case where the
27  plaintiffs directly challenge a conveyance to the federal government, so that notice of the
28  conveyance itself starts the running of the limitations period.  *See, e.g.*, *Adams v. United*

1  *States*, 687 F. Supp. 1479, 1486-89 (D. Nev. 1988), *aff'd in relevant part*, 3 F.3d 1254,
2  1260 (9th Cir. 1993); *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 913
3  (8th Cir. 2001). Plaintiffs do not dispute the validity of the Road Strip reservation.
4  Rather, they contend that an easement arose out of its very terms. In essence, the
5  Government's limitations argument assumes victory on the merits by claiming that the
6  original Road Strip reservation granted no easement and that it therefore "denied" access
7  to the Petroffs' predecessors-in-interest. The statute of limitations has no application in
8  this sense. After all, it is this self-same asserted "denial" of the Road Strip reservation
9  that Plaintiffs argue gave rise to their easement. If the reservation did give rise to an
10 easement, the Government identifies no denial or limitation of the putative easement's use
11 before or during November 1996, the last date on which the twelve-year limitations
12 period would bar the present suit. Therefore, the statute of limitations is no obstacle.
13 Jurisdiction is established and the Court turns to the merits of the claim.

### C. The Merits of the Claim

15 The allegations and the relevant documents confirm that the Road Strip was
16 reserved from the original HES 143 land patent. It is also inferable that the strip was
17 intended as the location of a road. The allegations contain nothing, however, to indicate
18 that the intent of the original patent was to create a third-party property interest such as an
19 easement on the Road Strip. An express easement must be expressly conveyed to support
20 a Quiet Title Act claim, and no such conveyance occurred here. *McFarland v.*
21 *Kempthorne*, 545 F.3d 1106, 1112 (9th Cir. 2008). "The intent to grant an easement
22 [against the Government] must be so manifest on the face of the instrument ... that no
23 other construction can be placed on it." *Fitzgerald Living Tr. v. United States*, 460 F.3d
24 1259, 1267 (9th Cir. 2006) (quoting 25 *Am Jur 2d Easements and Licenses in Real*
25 *Property* § 15 (2004)). The Petroffs cite nothing in the language of that reservation that
26 shows an unmistakable intent to create an easement interest running to the homestead
27 land. Documents from the time of the patent simply refer to the Government's
28 reservation of a "road," a "roadway," or a "road strip." There is no mention of any other

1 interest created.  More recent correspondence from the Forest Service may have
2 contemplated plans to build a road, but it did not gainsay this conclusion.  The high
3 standard of *Fitzgerald* is not met.

4     The Petroffs concede that they seek no implied easement in this suit.  Nor does this
5 suit concern agency action under the Federal Land Policy and Management Act, 43
6 U.S.C. §§ 1701-1785, which seems to offer the Petroffs an administrative means to
7 redress their access problems.  Favorable administrative action seems likely; the Forest
8 Service has expressed its agreement "that Parcel R owners should be able to access their
9 properties."  The Plaintiffs have not suggested any documents not before the Court
10 showing the creation of an easement at the time of the land patent.  Amendment therefore
11 is futile, and leave to amend would be pointless.

12     IT IS THEREFORE ORDERED that the Defendants' unopposed motion to
13 substitute the United States as sole Defendant (Doc. # 8.) is granted.

14     IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (doc. # 8) is
15 denied to the extent that it is based on Fed. R. Civ. P. 12(b)(1) and (7) and is granted to
16 the extent it is based upon Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

17     IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action
18 with prejudice.  The Clerk shall terminate the case.

19     DATED this 1st day of April, 2009.

_____
Neil V. Wake
United States District Judge