**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Petroff and Marie Petroff, as husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Ed Schafer, in his capacity as Secretary of the United States Department of Agriculture; the Department of Agriculture of the United States; the United States Forest Service, an agency of the Department of Agriculture of the United States; Abigail R. Kimbell, in her capacity as Chief of the United States Forest Service; Corbin Newman Jr., in his capacity as Regional Forester, Southwest Region, United States Forest Service; Gene Blankenbaker, in his capacity as Forest Supervisor, Tonto National Forest, United States Forest Service; Jerome A. Mastel, in his capacity as District Ranger, Pleasant Valley Ranger District, Tonto National Forest, United States Forest Service,<br><br>    Defendants. | No. CV08-1971-PHX-NVW<br><br>**ORDER** |

Plaintiffs Jim and Marie Petroff (collectively, "the Petroffs") filed this action under the Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Act, 28 U.S.C. § 1361, seeking to establish their right to

use an easement across National Forest lands.  (Doc. # 1.)  In a previous order, the Court dismissed this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. # 11.) The Petroffs now move for reconsideration of that order.   Their motion will be denied.

In short, the Petroffs contend that the Government's motion to dismiss did not go to the merits of their complaint, and that the Court erred in dismissing the complaint on the merits according to the land patent documents submitted with the motion.  The Petroffs are mistaken.  Both the Government's statement of facts and its argument invoked the fact that the land patent documents created no estate or property interest in the 30-foot strip of National Forest lands.  These assertions hinge on the language and intent of the land patent documents submitted with the Government's motion, documents to which the Petroffs did not object and which were properly considered at the dismissal stage as explained in this Court's previous order (doc. # 11).

The Petroffs contend that they  "reasonably construed the Defendant's argument to be that the Plaintiffs lacked a sufficient property interest in order to pursue an action under the Quiet Title Act, not that the expressed intent and unambiguous language of the 1919 Patent precluded any judgment on behalf of the Plaintiffs."  As explained in the Court's previous order, this is a distinction without a difference.  The Government argued that the Petroffs failed to state a claim, which deprived the Court of jurisdiction.  The Petroffs responded by arguing that the "originating documentation, special instructions, field notes, plat map, and logs"—documents accompanying the Government's motion—created an express easement under the 1919 patent. Taking the Petroffs' claim as nonfrivolous, the Court assumed jurisdiction but agreed with the Government that the documents created no property interest, warranting Rule 12(b)(6) dismissal.  The confluence of substantively identical but procedurally distinct modes of dismissal does not excuse the Petroffs' failure to object to the Government's documents or to submit or refer to further documents.  Indeed, the Petroffs' response included more documents and addressed the ultimate legal effect of the unambiguous documents submitted by the Government.

1    IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Reconsideration (doc.
2 # 13) is denied.
3    DATED this 15th day of May, 2009.

_____
Neil V. Wake
United States District Judge